[Cite as *State ex rel. Patituce & Scott L.L.C. v. Cleveland*, 2013-Ohio-704.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99036**

# STATE, EX REL. PATITUCE & SCOTT L.L.C., ET AL.

RELATORS

vs.

# CITY OF CLEVELAND

RESPONDENT

## JUDGMENT:
WRIT DENIED

Writ of Mandamus
Motion Nos. 462393 and 461819
Order No. 462731

**RELEASE DATE:**     February 26, 2013

**FOR RELATORS**

Megan Patituce
Catherine Meehan
Patituce & Scott, L.L.C.
26777 Lorain Road, Suite 708
North Olmsted, Ohio 44070

**ATTORNEYS FOR RESPONDENT**

Barbara A. Langhenry
Director of Law
By: Alejandro V. Cortes
      William M. Menzalora
Assistant Directors of Law
City of Cleveland Department of Law
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114-1077

KATHLEEN ANN KEOUGH, J.:

**{¶1}** On October 9, 2012, the relators, Patituce & Scott, L.L.C., and Jennifer Scott, commenced this public records mandamus action against the respondent, the city of Cleveland. The public records request sought the personnel files, training certificates, disciplinary reports, and continuing education hours for twelve named Cleveland police officers. Previously, Cleveland had rejected the public records request on the basis that it was an improper request for criminal discovery pursuant to *State ex rel. Steckman v. Jackson*, 70 Ohio St.3d 420, 639 N.E.2d 83 (1994). The relators sought the records, statutory damages, court costs, and attorney fees.

**{¶2}** On January 22, 2013, Cleveland moved for summary judgment on the grounds of mootness. Cleveland had released all of the requested records to the relators on December 6, 2012. Cleveland noted that one of the officers was not employed by Cleveland; thus, there were no records relating to that officer. Cleveland, pursuant to specified exemptions, redacted certain personal information, such as social security numbers, employee house numbers and street names, day and month of birth, personal telephone numbers, family information, medical records, and the photographs of the officers. Cleveland also argued that the relators were not entitled to statutory damages because they had not fulfilled the statutory prerequisite of submitting the request in person or by certified mail. Nor were the relators entitled to attorney fees because they had not shown a public benefit.

{¶3} On February 12, 2013, the relators belatedly filed their response to Cleveland's motion for summary judgment and moved for their own summary judgment. In this filing, the relators admit that the matter is moot because the requested records have been released. Nor do they contest the redactions, statutory damages, or attorney fees. The relators seek court costs, which have to be awarded.

{¶4} Accordingly, this court grants both summary judgment motions. This public records mandamus action is moot; the relators have received their requested records. Thus, the court denies the application for a writ of mandamus. The relators are not entitled to statutory damages or attorney fees. Respondent to pay court costs. This court directs the clerk of court to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶5} Writ denied.

_____

_____

KATHLEEN ANN KEOUGH, JUDGE

LARRY A. JONES, SR., P.J., and
MARY EILEEN KILBANE, J., CONCUR